Our first case for the day is 22-1089, Bufkin v. McDonough. Mr. Carpenter, please proceed. May it please the court, Kenneth Carpenter appearing on behalf of Mr. Bufkin. As a preliminary matter, I'd like to advise the panel that the supplemental briefing that was ordered in the Thornton case has been completed and is available to this panel if the panel deems it appropriate. Is this case identical to and likely, therefore, resolved by the Thornton case? I believe it is. What about Roane? Roane raises, if not the same, a similar issue. I know it's not you, but it's your partner or your colleague. It's Mr. DeHakis. Is it the same issue, too? No, I believe the issue is slightly different in Roane. Well, there's two issues in Roane, but the second one seems to be very similar to this. The other one is about tallying up positive and negative, but we've already decided that in Maddox. And so I just want to make clear, the Roane, to the extent the second issue in Roane, if it's not the same, it's almost identical to this one, right? If you're only looking at the second issue, that would be true, Your Honor. Absolutely. OK. This matter deals with a question of statutory interpretation, specifically the provisions of 38 U.S.C. 7261b1, specifically as they regard the role and responsibility of the Veterans Court to take due account of the Secretary's application of the provisions of 38 U.S.C. 5107b. We believe that the answer is clearly found within the language used by Congress in 7261b1. The first phrase of that statute, as amended in 2002, includes the same language that was in the original version. That phrase requires that this process take place when the Veterans Court is making its determinations under 7261a. Why doesn't the fact that it incorporates the first phrase in making the determinations under subsection a also incorporate the standard of review in subsection a? Because the Congress has asked the Veterans Court to take on additional review responsibilities separate from those that are outlined in 7261a. In 7261a, it is a review of the actions of the Secretary and the board as it relates to the matter that was appealed from the board to the Veterans Court. And it is predicated upon issues that were presented. In this case, we're dealing with a separate statutory provision in which Congress purposefully amended the scope of review. And as this court indicated in Deloge, it altered that standard of review. Why wouldn't the logic of that argument also extend to the harmless error, the prejudicial error decision in b2, then? I believe it does. But I believe that they are complementary additional tasks. But if that's true, then it would require the Veterans Court to look at the entire record and determine if there's any error, whether raised by the veteran or not, and determine if it was prejudicial. That is correct. Haven't we already held that you have to raise arguments of prejudicial error to the Veterans Court, or they're forfeited? If you have, Your Honor, I'm sorry. I don't recall that this court has addressed that issue in that manner. The question of prejudication. Well, I guess what I'm asking, even if we hadn't, I mean, this provision you're talking about, at least would be requiring the Veterans Court to look and find, look specifically at a specific piece of evidence and see whether the Veterans Court wrote it properly. You wanted to do de novo. The Secretary wants the same standards as ADA apply. But if we're following the logic, and I think we have to because one and two are in the same section, wouldn't it be an extraordinary thing for Congress to order an appellate court to review the entire record of administrative proceedings and determine if there was any error, legal, evidentiary, or the like, and then determine whether it was harmless or not, even if that error hadn't been presented to them? Well, if your question is limited to just B2, I think that could be interpreted as a significant stretch. However, I would point out to the court that when Congress amended this provision, it added a second phrase, a phrase that comes directly from 7252B, the Veterans Court's jurisdictional statute. And that language explicitly provides that the review shall be made based upon the record of proceedings before both the Secretary and the board. I don't see any other way to interpret that other than that's the entire record of proceedings. Well, it may be made based upon the entire record, but it still doesn't necessarily suggest that the Veterans Court has a sua sponte obligation to do a de novo review of the record. And if Congress intended an appellate court to undertake such a de novo function, you would have thought that they would have made it much more explicit than the way it's done here. I don't disagree with that. I mean, let me just, and I'm getting hung up on B2, but didn't all B2 is, is prior to the inclusion of B2, I don't know, was B2 in the original? It mimics the rule of prejudicial error that's applicable to every other federal appellate court in the country. We all have to apply the rule of prejudicial error. And we are obligated to undertake a de novo review of the record. So why do you think Congress intended for the Veterans Court to do that? Because of the very manner in which this was raised to Congress in 2002. Because of the concerns that were expressed that the Veterans Court was not reversing decisions that should have been reversed. Now, frankly, Congress went further in amending to add B1. But in doing so, they explicitly provided that that review would be precisely what you described. My concern is that C actually says, in no event. And so I think that they're kind of summing up, in no event shall findings of fact made by the secretary or board be subject to trial de novo by the Veterans Court. I feel as though Congress, maybe the language in B could have been not as clear as we would have liked if it was in isolation. But when you add C in, it seems like Congress is coming over the top to make sure that the CAVC isn't conducting de novo fact finding. And I agree with you on the fact finding. I would submit, however, Your Honor, that taking into account of the secretary's application does not require fact finding. It does require an assessment of whether or not this provision was correctly applied. In other words, What about whether it was just applied? Could it be? I mean, I agree with you. It does say, before the secretary and the Board of Veterans' Appeals. But what makes it that they have to make sure? Why do you think they have to make sure it was correctly applied instead of just applied? And then normal rules of evidence apply, or review apply, which here would be whether there is an erroneous fact finding. And I think the answer to that lies in the reason that judicial review was created. Congress made clear that they were creating judicial review to oversee the decision making of the secretary, to ensure that the statutory process that they created, which is fundamentally different than any other process, and the underpinning, the anchor, the foundation, is the benefit of the doubt. Whether or not the secretary properly applied the benefit of the doubt rule in a given case, isn't that a fact finding? No. No? No, I do not believe it is, Your Honor. As the way in which this statute is written, the Congress took the broad brush of the phrase to take due account of. The same phrase that they used with- No, forget the take due account of. Under 5107B, which is the benefit of the doubt, the secretary shall consider all information, lay, and medical evidence of record. When there's an approximate balance, the secretary should give the benefit of the doubt to the claimant. You don't think that that is a fact finding? No, Your Honor. I do not. Particularly when you examine- Do you have a- is there a case of ours that supports your view that whether or not the secretary applied the benefit of the doubt correctly is a question of law? No, Your Honor. But that is part of what this court is going to be required to address in interpreting this statute. This statute either does- excuse me- what Mr. Bufkin and Mr. Thornton are urging this court to say that it does, or it is simply redundant. So let me ask you this. You seem to, I think, just suggest that underlying fact findings, the Veterans Court can't make de novo fact findings. So they can only review the board's fact findings for clear error. Is what you're saying, the gist of what you're saying is once the board has made these fact findings and tallied up the evidence and said, we find this credible, we find this not credible, this is supportive, this isn't supportive, the Veterans Court can only touch that for clear error. Correct. But they can look at whether that the board properly considered all that to apply the benefit of the doubt. That would be correct, Your Honor. And I think it's more that- I would put it more strongly. It's not that they can take a look. They must take a look. Right, but in this case, didn't you argue that they didn't apply the benefit of the doubt properly? And the Veterans Court said, no. And they did so under their determination under A. But as I read B- No, no, no. But the determination under A, you agree that they can't get to the factual findings for anything but clear error. What, beyond that, they're just looking to see whether the board properly applied the law of the benefit of the doubt, which we know what that is now, to the facts of the case. Well, except that, Your Honor, this court in Deloes said that the intent of Congress was to require a searching review. And that searching review- No, no, I get this. This is what I'm trying to get at. In this case, it was raised. And I think what you're trying to get at is, even if it's not raised, but this case, it was raised. So we don't need to address that question. The only question before us then is whether the Veterans Court properly signed off on the board's application of the benefit of the doubt rule here. And that's an application of law of the fact that we can't touch, right? Who said that? If you are looking at it through the prism of the board's factual determinations, I would suggest that when Congress used the phrase to take due account of, it was asking for a much more searching review of the record to examine, as you suggested earlier, the entire record to look for errors that were not presented, to ensure that the benefit of the doubt, when applicable, is applied. And when it is not applied, Congress gave the authority to the Veterans Court in 2002 to reverse decisions. I see I'm way into my rebuttal time, and I'd like to reserve the ballot. No problem. Ms. Kramer? May it please the court. I'd like to circle around to some topics that have already been discussed. We entirely agree that B is cabined by A, that the language is very clear, that it's in the context of the review under Section A, and that the same standard of review applies, that there is no. Here's my issue with this, is B1, under your view, becomes pretty duplicative of everything in A, doesn't it? A already requires the Veterans Court to review the board's factual determinations, its legal analysis, and the like. So it already requires the Veterans Court to determine whether the board properly applied the benefit of the doubt rule. So if that's the case, why do we have it repeated again in B1? So I think what B1 does is very similar to taking into account a prejudicial error, in that it gives the Veterans Court the ability to reverse if it's clearly erroneous, and there's no other way to read the factual record regarding the benefit of the doubt. So I think that reversal, as opposed to just merely remanding. And I think if you want to take a look at the Mariano case. In your view, if B1 didn't exist, if they found out that the board had legally erred in playing the benefit of the doubt rule, the best they could do is vacate and remand. But under this, take into account, if they find the board's clearly erred in finding facts here, and once you throw out the erroneous facts, the benefit of the doubt clearly weighs in favor of the veteran, the Veterans Court can just enter an order saying, grant the veteran benefits. Yes, I think that it could reverse it in that manner, exactly. What about where it says, sorry, I just wanted one question, which is, what about a more certain review, even of arguments that weren't presented below? I mean, it does say, shall review the record of the secretary. I mean, proceedings before the secretary and the board, and shall, take into account of the secretary's application. So does that mean we go back, that they should, excuse me, the Veterans Court of Appeals should go back and look at not just what happened at the board, but also at the secretary level? I think they can consult the full agency record, but I don't think they can make new fact findings. I think if you look at the fact findings, but they could look to see whether the benefit of the doubt rule was applied? I think they could look to see whether it was applied. And whether it was applied correctly? I think whether it was applied correctly gets into, as was discussed earlier, a factual issue of weighing of the evidence. And so the Veterans Court couldn't review that? They could review it, couldn't they? We need you to actually answer her question. Sorry. I think I may be misunderstanding your question, and I apologize if that's the case, is if asking the Veterans Court to do To review the benefit of the doubt determination by the secretary and the board for under clear air standard, let's say. If that's where you're confused. I'm afraid I might still be confused. I think. I don't want to speak for you, but I think Judge Shull might be asking this, whether that means they can reach back and review the decisions of the regional office rather than the board acting for the secretary. The decision of the board is the decision of the secretary, too, right? Right. I think, sorry, I was misunderstanding your question. The fact that the regulation refers to the secretary as being separate from the board suggested to me that maybe we would go back further and look at the RO's decision. I mean, I think it's referring to the decision of the board in that the board acts for the secretary, and also that the provision has to do with the review of board decisions, the scope of review of board decisions, not the scope of review of RO decisions. Isn't it redundant? Why would it say the board and the secretary? I think to look at some of the factual aspects that were before the secretary, that perhaps the board didn't explicitly mention its analysis, but might be relevant to the benefit of the doubt review. So if the RO had made factual findings that the board didn't explicitly call out, the Veterans Court could look at them to determine whether there was clear error, and therefore, the benefit of the doubt rule had been not properly applied. Right. Really? I'm not sure you want to concede that. Yeah. I think I might be misunderstanding. I apologize. I think I've gotten a little turned around. Well, I think, yeah. I mean, I don't want to make your argument for you. You should be doing it. But it seems to me that the Veterans Court reviews, and its jurisdictions review, the decisions of the board, which is the decision of the secretary. Right. And I thought I was saying that. I apologize if I got turned around. It reviews the decision of the board. That's what the jurisdictional statute says. That's what the jurisdictional statute, that section 7261. And if it finds that the board had improperly failed to consider factual determinations made by an adjudicator at the regional office, would it reach out and look at those conclusions in making this determination under B? Or would it simply vacate and remand because the board hadn't properly considered the record and given a proper reasons and basis for making its determination under B? I think it would vacate and remand. But I thought you said that the whole point of B was to allow reversal by the CAVC and not to require vacating and remand. So it depends on the situation. I think the Mariano case really describes both situations very well. So in that case, this was a Veterans Court opinion from a few years back. There were two issues where the benefit of the doubt had been misapplied. One, where there wasn't enough evidence in the record for the Veterans Court to make a determination either way. The evidence was entirely ambiguous. And so they vacated and remanded in that situation. And the other, regarding a different issue in the case, it was clear based on the record that all of the evidence was either in favor of the veteran or ambiguous. And so in that case, they simply reversed. So I think that's a very good example of what this provision does is it allows that reversal when the benefit of the doubt was clearly erroneously applied and the evidence very clearly weighs in favor of the veteran and that there's no other way to read it. What about the fact that 7261C says, in no eventual findings of fact made by the Secretary or the Board of Veterans' Appeals be subject to trial de novo by the Court? Doesn't that undermine the argument that the Secretary in Section D1 is referring only to the Board? I don't think so. I think it means exactly what it says is that there's no de novo review. But it talks about findings of fact being reviewed, findings of fact by the Secretary or the Board of Veterans' Appeals. I mean, I'm just, I mean, it's interesting Congress's choice of wording here in this statute. I agree their choice of wording is interesting, but I do think we're looking at a review of the Board decision here and that that's what the scope of review section deals with is the scope of review of the Board decision. So what exactly do you think the words take due account of mean? I think sort of along the lines of take proper consideration, make sure you pay attention to it, along those lines. You think Congress wrote a statutory section in order to say make sure you pay attention to something that's pretty much already covered by A? I think so. I think Mr. Carpenter alluded that there was a lot of evidence around the time that this was enacted that there wasn't enough attention being paid to the benefit of the doubt doctrine. And so I think this was a way of calling attention to the importance of that. But the benefit of the doubt doctrine would be one of the many provisions that the Veterans Court could review under A, right? Right. So you think even though it falls under A, they wanted to make sure nobody forgot about it, and so they articulated it separately in B? I think that and also the ability to reverse, as discussed earlier and as exemplified by the Mariano case. Just out of curiosity, where do you think this ability to reverse as opposed to vacate comes from? What is the precise language in B that leads you to the conclusion the CAVC has the authority to reverse as opposed to vacate? I think it comes from the parallel construction of take due account in section B1 and section B2. And this court has interpreted in the context of B2 that the Veterans Court could reverse. And so I think similarly in B1, the Veterans Court could reverse. You mean for prejudicial error, the Veterans Court can affirm even if it finds an error despite that error. It doesn't have to remand to the board if the error is prejudicial. That's a provision that benefits the secretary. The due account provision goes the other way and allows a reversal outright rather than remand for the veteran if instead of a vacate. Right, and I think there's a commonality that they're both judicial and administrative efficiency provisions. I don't understand. You said take due account, though, just means make sure you properly reviewed it. If the CAVC concludes the secretary or the board didn't properly review benefit of the doubt rule, why do the words take due account give suddenly magically imbued the CAVC, which does not have the power to reverse, with the power to nonetheless reverse? You said the words take due account of just means look at it properly. Make sure it was looked at properly. Why is that suddenly now imparting reversal authority? I mean, I think because of the parallel construction with B-2. No, B-2. And you're talking about the Tadlock decision. In Tadlock, we just said for prejudicial error purposes, they could affirm. That's not the same thing as saying they could reverse. Those are two very different things. I suppose we view that differently than your honor. I don't understand how you view it, because you're not explaining it. I apologize if I'm not explaining it clearly, but I think that's what the provision does. And if you look at Mariano, I think that's a good way of seeing how it would function in practice. If there are no further questions, I'll stop there. I'd like to begin by directing the court's attention to the language of 7252, the jurisdictional statute of the Veterans Court, which in part A does give the power to reverse, but specifically refers to board decisions or to remand the matter as appropriate. In subsection B of 7252 is where the language is used in the introductory phrase for B-1 and B-2  and the board. It seems to me that the flaw in the government's argument to suggest that somehow B-1 is only about board decisions and doesn't refer to the secretary's application is simply to ignore the plain language used by Congress. Congress clearly understood how to use those two terms together, and they chose not to. Now precisely why they did, I'm not prepared to speculate. Well, it's not because the record, which is what the Veterans Court is reviewing, is made before the secretary, which in this case they seem to be talking about the regional offices and at the board. But I would assume that that doesn't mean that when reviewing a final board decision, which is all outside the mandamus context that the Veterans Court can review, that they can ignore the board's decision and just look back and review the RO decision de novo. That's not the way the system is set up. But they can review factual determinations made by the secretary that underlie the board's decision. That would be correct, Your Honor. But I would not. I'm not sure what difference that makes to your argument. Well, I think that the difference that it makes is in 7261, under A3, the language is to hold unlawful and set aside findings. And then it has a parenthetical reference to Clause 4, conclusions, rules, and regulations issued or adopted by the secretary, the board, or the chairman of the board, bound to be. So it seems to me that in that language, the review is more expansive than the limiting language that seems to appear in 7252 of reviewing a board decision. Can I just pivot? I know you're about out of time. But this question we just ended with the government council about what take due account means. I mean, for prejudicial error, that clearly means that they can, in taking due account of a prejudicial error, they can affirm rather than they can remand. Why isn't the government's view that take due account in the benefited out rule means they can reverse instead of remand? Isn't that giving some authority to the Veterans Court in B that isn't present in A? Because in A, when it finds an error, it specifically says that they shall set aside the decision. So B is a statutory authority to do something other than setting it aside, either affirm or reverse in the case of an error. And I can't challenge that logic, Your Honor. I think that that logic is reasonable. However, So what you're talking about is not really so much about how they take due account, but really whether you and your client have to specifically raise it to the Veterans Court or whether they have a sua sponte duty to review the record, which then, I guess, potentially could allow you to say they haven't followed the statute up here and they haven't done that. That would be correct, Your Honor. And the other piece of it is that in reviewing the secretary's application of 5107, it seems to my clients that what Congress did in 5107 was binary. If there is reasonable doubt, the secretary shall resolve that doubt in favor of the claimant. And when that doesn't happen, it seems to me that the only remedy is reversal. Remand would seem unnecessary, simply because the only choice the secretary has when reasonable doubt presents is to afford it. And then to back you up, I have a couple questions if you don't mind. The questions are very basic stuff. Is this the only statutory section in the code related to these veterans cases that talks about prejudicial error and the CAVC's authority to look at prejudicial error? It's the only one that I'm aware of, Your Honor. And then the next question I had is, what is the difference between the record of proceedings before the secretary and the record of proceedings before the Board of Veterans' Appeals? And I guess what I'm getting at in specific is, is additional fact finding or development of the record possible before the board? I'm trying to understand, back to Judge Stoll's earlier question, when B says the court shall view the record of the proceedings before the secretary and the Board of Veterans' Appeals, how is it that those two records could be different such that Congress would want to make sure both were considered? I'm afraid that's a little long answer. But the answer is long because there's a legacy answer and there's an AMA answer. The record is constrained under the AMA. The record was not constrained under legacy. So when you have a legacy situation, the answer is, yes, there could be additional evidence that was only considered by the board under legacy. That is not supposed to happen with one exception. There is a window under the AMA in which the veteran can submit evidence that wasn't previously submitted. I believe it's a 60-day window after you make the declaration for review, direct review by the board. So I hope that answers the question. So there are circumstances, though narrow, where the record before the secretary and the record before the board could not be identical. Would, in fact, be different. Yeah. Yes. Thank you. Thank you very much. This case is taken under submission.